IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                           CRIMINAL ACTION NO. 2:13-cr-00091-7

JAMAA I. JOHNSON,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Jamaa I. Johnson's motion to sever his trial from that of his co-Defendant Darrell E. Gillespie's trial [ECF 488]. For the reasons set forth below, the Court **DENIES** the motion.

*I.    BACKGROUND*

Defendants Johnson and Gillespie stand accused of a variety of serious crimes relating to their alleged involvement in an armed robbery conspiracy. The alleged conspiracy involves eight separate robberies of suspected drug dealers over the span of approximately six months. The robberies took place in or just outside the homes of the suspected drug dealers and, in one instance, the robbery involved the carjacking of a suspected drug dealer. As alleged, Defendants Johnson, Gillespie, and their various co-conspirators targeted drug dealers as their victims for two reasons: First, because the co-conspirators believed the victims would be flush with drugs, cash, and firearms; and second because the victims, being drug dealers, would be unlikely to report the robberies to the police.

Defendant Johnson is alleged to have participated in two of the eight robberies: one in Switchback, McDowell County ("the McDowell County robbery"), and the other in the South Hills neighborhood of Charleston, Kanawha County, West Virginia ("the South Hills robbery"). Defendant Gillespie is also directly implicated in two robberies, one in the Kanawha City section of Charleston, West Virginia ("the Kanawha City robbery") and the other in Dunbar, West Virginia ("the Dunbar robbery"). (Gillespie is also alleged to have participated in a third robbery in Bristol, Virginia. Although he is not charged with that robbery, he is charged with the unlawful possession of various firearms and ammunition stolen in the course of the Bristol robbery.)

The initial indictment in this matter was returned well over a year ago charging Defendant Gillespie and an assortment of alleged co-conspirators (ECF 1). Several superseding indictments have since followed. Defendant Johnson was not indicted until the Third Superseding Indictment was returned in August 2013. The pending Fifth Superseding Indictment, a fourteen-count indictment, is the latest indictment and charges both Johnson and Gillespie in Count One with a Hobbs Act conspiracy (18 U.S.C. § 1951); in Count Two with conspiracy to use firearms during and in relation to crimes of violence (18 U.S.C. § 924(o)); four Hobbs Act robbery counts (18 U.S.C. § 1951) (Counts Three & Seven—Johnson; Counts Five & Eleven—Gillespie); and use of firearms during and in relation to crimes of violence (18 U.S.C. § 924(c)(1)(A)) (Count Four—Johnson; Count Six—Gillespie)). Defendant Johnson is separately charged in Count Nine with being a felon in possession of a firearm (18 U.S.C. §§ 922(g)) & 924(a)(2)) and in Count Thirteen with witness tampering (18 U.S.C. § 1512(b)(1)). Defendant Gillespie is separately charged in Count Ten with possession of stolen firearms and ammunition (18 U.S.C. § 922(j) & 924(a)(2)) and in Count Fourteen with conspiracy to obstruct justice (18 U.S.C. § 371)). At least seven of

2

Defendants' alleged co-conspirators have signed plea agreements and cooperated with the United States. At least some of these alleged co-conspirators will testify at Johnson and Gillespie's trial.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) governs joinder of defendants in the same indictment. The Rule states:

> **(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

"Barring special circumstances, individuals indicted together should be tried together." *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981). There is a presumption that co-defendants will be tried jointly, and the presumption applies equally to conspiracy cases. *Zafiro v. United States*, 506 U.S. 534, 537–38 (1993); *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002); *United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999). This Court has acknowledged that "the court of appeals has observed the presumption is particularly apropos in the conspiracy setting." *United States v. Lecco*, Criminal Action Nos. 2:05-0010701-01 & -02, 2007 WL 295489, at *5 (S.D. W. Va. Jan. 29, 2007) (Copenhaver, J.) (citing *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983) and *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)).

Federal Rule of Criminal Procedure 14(a) permits severance "[i]f the joinder . . . appears to prejudice a defendant. . . ." Fed. R. Crim. P. 14(a). "In making the severance determination generally, the focus is on whether the failure to sever will result in the compromise of a specific

trial right of one of the defendants or prevent the jury from making a reliable judgment concerning guilt or innocence." *Lecco*, 2007 WL 295489, at *5 (citing *Zafiro*, 506 U.S. at 539 and *Najjar*, 300 F.3d at 473). "The mere fact that severance might result in a better chance of acquittal, or that the evidence against one defendant is stronger or more inflammatory than as to another, is an insufficient basis for ordering separate trials." *Id.* (citations omitted).

### III. DISCUSSION

Defendant Johnson contends that severance of his trial from that of Defendant Gillespie is required because the joinder will prejudice Johnson and deny him a fair trial. In support of this contention, Johnson first argues that several of his witnesses will exonerate Johnson and implicate co-Defendant Gillespie in the McDowell County or the South Hills robberies. Johnson argues that this testimony "will greatly prejudice Darrell Gillespie and deny him a fair trial." (ECF 488 at 3.) Next, Johnson states as follows:

> the government's informants will testify that Darrell Gillespie participated with them in a number of robberies, while Johnson participated less often. This testimony will give the impression, if not actually imply, that, whether Johnson participated in each robbery blamed on Gillespie, he allegedly participated in one or two robberies according to disputed testimony. Therefore, according to the prejudice that will arise, Jamaa Johnson must have committed the other robberies charged against Gillespie.

(*Id.* at 3.) Johnson also argues that evidence of Johnson's and Gillespie's uncharged "allegedly frivolous or criminal behavior" will prejudice each Defendant. (*Id.* at 4.) Additionally, at the October 6, 2014 motions hearing, Johnson argued that severance is required because the two robberies that Johnson is alleged to have participated in are different than the two robberies that Gillespie allegedly committed. Finally, at the January 5, 2015 motions hearing, Johnson argued the Court should sever the Johnson and Gillespie trials because the Government intends to offer

4

evidence that both defendants allegedly made phone calls attempting to influencing the testimony of third parties while in jail, and evidence of Gillespie's phone calls holds the danger of prejudicing, misleading, or confusing the jury in its consideration of the witness tampering charge against Johnson.

The United States responds citing the legal standards for joinder and severance, and emphasizes that the indictment charges both Defendants with conspiracy charges. (ECF 500 at 1–5.) The United States argues that the policies favoring joint trials are furthered by trying both Defendants together. The United States further notes that separate trials will burden a large number of witnesses who would be required to testify twice regarding the same events. (*Id.* at 5–6.)

The Court rejects Defendant Johnson's contentions for several reasons. First, his claim that Defendant Gillespie will be prejudiced by a joint trial, while magnanimous, is undermined by the fact that, at the October 6, 2014 pretrial motions hearing, Defendant Gillespie expressly *declined* to join in Defendant Johnson's severance motion. Clearly, Defendant Gillespie is of the view that joinder of Defendant Johnson works no harm to him.

Second, Defendant Johnson makes a nonsensical type of spill-over argument. He appears to be saying that, even though the United States' witnesses will testify that Defendant Johnson was involved in fewer robberies than Defendant Gillespie, the jury will still believe that Johnson "must have committed the other robberies charged against Gillespie." (ECF 488 at 4.) Defendant offers no specific evidence or information to support this argument. Similarly, Defendant vaguely asserts that evidence at trial will include evidence of uncharged "frivolous and criminal behavior" of both Defendants. (*Id.*) This argument is unpersuasive because Defendant

5

Johnson's remedy for such a predicament is not a severance, but rather a motion to exclude prejudicial uncharged conduct or, alternatively, a limiting instruction.

Third, Defendant Johnson contends that severance is required because Defendants Johnson and Gillespie are charged in separate robberies. The fact that Johnson is implicated in the McDowell County and South Hills robberies (and Gillespie is not) and that Gillespie is alleged to have committed the Kanawha County and Dunbar robberies (and Johnson is not) does not warrant a severance. All four of these robberies are alleged to have been committed pursuant to an overarching robbery conspiracy and, thus, are—in the United States' view—part of the same series of acts or transactions within the meaning of Federal Rule of Criminal Procedure 8(b).

Finally, the Court rejects Defendant Johnson's argument that evidence of Defendant Gillespie's telephone calls to third parties while he was in jail will prejudice, mislead, or confuse the jury in its deliberations of the witness tampering charge against Defendant Johnson. Defendants Johnson and Gillespie face different charges based on their alleged jail house telephone calls to third parties. (*See* ECF 419 at 19–24 (providing the witness tampering charge against Defendant Johnson in violation of 18 U.S.C. § 1512(b)(1) and the conspiracy charge against Defendant Gillespie under 18 U.S.C. § 371 to violate 18 U.S.C. § 1001(a)(1) and 18 U.S.C. § 1503).). Additionally, as Defendant Johnson himself notes, these charges relate to separate telephone calls by each defendant to different third parties. There is no evidence or information indicating the jury may be prejudiced, misled, or confused in considering Defendant Johnson's witness tampering charge by evidence that Defendant Gillespie made separate telephone calls to different third parties.

IV.     CONCLUSION

For the reasons stated herein, the Court **FINDS** that Defendant Johnson has failed to overcome the presumption that individuals indicted together should be tried together. The Court **DENIES** Defendant Johnson's motion for a severance.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     January 12, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE