UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff.

v.                                                                      CRIMINAL ACTION NO. 2:13-CR-91-7

JAMAA I. JOHNSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Defendant Jamaa I. Johnson's Motion for Appointment of Counsel [ECF 1093], filed December 3, 2024, and Motion for Compassionate Release [ECF 1094], filed February 7, 2025. The United States responded to the Motion for Compassionate Release on February 24, 2025 [ECF 1097]. The matters are ready for adjudication.

### I.

On April 29, 2014, in a fifth Superseding Indictment, Mr. Johnson was charged with: (1) two counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Counts Three and Seven) [ECF 419 at 8, 12], (2) one count of conspiracy to commit armed robbery, in violation of 18 U.S.C. § 1951 (Count One) [*Id.* at 1–6], (3) two counts of using firearms in a crime of violence 18 U.S.C. § 924(c)(1)(A) (Counts Four and Eight) [*Id.* at 9, 13], (4) one count of conspiracy to use firearms in a crime of violence, in violation of 18 U.S.C. § 924(o) (Count Two) [*Id.* at 7], (5) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Nine) [*Id.* at 14], and (6) one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1) (Count Thirteen) [*Id.* at 19]. Each of these charges stemmed from an

alleged conspiracy to commit a series of robberies in Virginia and West Virginia. [*Id.* at 1]. On January 28, 2015, Mr. Johnson was convicted of the conspiracy and witness tampering charges but acquitted of the substantive robbery and firearms offenses. [ECF 659].

Mr. Johnson was sentenced on August 11, 2017. [ECF 892]. The Court calculated a base offense level of 35 and a criminal history category of IV, [ECF 895 at 26], and imposed, *inter alia*, a seven-level enhancement for discharge of a firearm, pursuant to U.S.S.G. § 2B3.1(b)(2)(A), and a four-level enhancement for serious bodily injury, pursuant to § 2B3.1(b)(3)(B). [*Id.*]. The Court sentenced Mr. Johnson to 235 months imprisonment -- the bottom of the applicable Guidelines range -- followed by a three-year term of supervised release, and $300 special assessment. [*Id.* at 50].

Mr. Johnson now moves for appointment of counsel and for compassionate release. Respecting his motion to appoint counsel, Mr. Johnson requests assistance with post-sentencing relief. [ECF 1093 at 1]. Mr. Johnson states that he has drafted numerous pro se petitions and has "learned…that [he has] no business attempting to write them" because he is "not educated to the level one needs to be in order to experience success at petitioning courts." [*Id.* at 2]. He reports that five days a week he "work[s] eight hours, come[s] back to the unit and stud[ies] law." [*Id.*].

As for compassionate release, Mr. Johnson asserts a reduction is warranted (1) "under U.S.S.G. § 1B1.13(b)(6), which allows for a reduction in unusually long sentences," (2) "under the catchall provision of U.S.S.G. § 1B1.13(b)(5), which allows for reduction in sentence for any reasons the court deems appropriately extraordinary and compelling," and (3) via the "factors identified in 18 U.S.C. § 3553(a)." [ECF 1094 at 5]. He asserts "the factors identified in 18 U.S.C. § 3553(a) favor reducing Mr. Johnson's 235-month sentence to [a] correctly calculated sentence excluding acquitted conduct, approximately 96 months." [*Id.*]. The United States

disagrees, responding Mr. Johnson "has failed to meet his burden of establishing compelling and extraordinary reasons why his sentence should be reduced." [ECF 1097 at 10]. Specifically, the United States points out Mr. Johnson's acquitted charges contention was unsuccessful on direct appeal. [ECF 1097 at 9]. Further, the United States contends that "acquitted conduct was not used to expand his guideline range, . . . [the] conduct related to his Hobbs Act conspiracy" was instead used to calculate his sentencing guideline range, . . . [and he was] subsequently sentenced to the low end of that range."

## II.

### A. *Appointment of Counsel for Post-Conviction Proceedings*

There is no guaranteed constitutional right to appointed counsel in post-conviction proceedings, including those seeking post-sentencing relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (noting that the right to appointed counsel "extends to the first appeal of right, and no further" and thus rejects "a right to counsel on discretionary appeals"). Our Court of Appeals has specifically concluded there is no federal constitutional right to appointed counsel for defendants seeking sentence reductions under 18 U.S.C. § 3582(c). *U.S. v. Taylor*, 414 F.3d 528, 537 (2005) (quoting *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000)) (noting that these motions are not considered a "do-over" of the original sentencing proceeding).

The Court may nevertheless appoint counsel in post-sentencing relief proceedings if the "interest of justice so requires." 28 U.S.C. §2255; *see also* 28 U.S.C. § 1915(e) (stating that "the Court may request an attorney to represent any person unable to afford counsel"). Consequently, the decision to appoint counsel hinges on whether the appointment is essential to serve the interests of justice. *See Riddick v. Barber*, 109 F.4th 639, 651 (4th Cir. 2024) (concluding that Courts should appoint counsel if it is apparent that a pro se litigant has a colorable claim but

lacks the capacity to present it); *Taylor,* 414 F.3d at 536 (quoting *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000)); *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984), *abrogated* on other grounds by *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296 (1989). Our Court of Appeals has recognized that the existence of exceptional circumstances turns on (1) the complexity of the case, and (2) the capabilities of the individual bringing it. *See Whisenant,* 739 F.2d at 163; *Riddick,* 109 F.4th at 651 (remarking that a movant's inability to access a law library in which to conduct legal research constituted exceptional circumstances).

### B.     *Compassionate Release*

Prior to the First Step Act (the "Act"), compassionate release depended upon a motion by the BOP. The Act "removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy,* 981 F.3d 271, 271 (4th Cir. 2020). Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the BOP administrative process or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States,* 597 U.S. 481, 484 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence . . . counsels against providing relief." *Id*. at 502. Rather, "[i]t is only when Congress or the Constitution limits the

scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id*. at 486-87; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (holding that when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis.").

If an inmate demonstrates extraordinary and compelling reasons for release, the Court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

### III.

A. *Appointment of Counsel*

As noted, Mr. Johnson states his lack of legal education precludes his submission of a successful petition for either compassionate release or a sentence reduction.

First, Mr. Johnson fails to provide sufficient information respecting whether he has a colorable claim, much less that it involves a level of complexity warranting assistance. Second, apart from an "exceptional circumstance" showing, Mr. Johnson has not demonstrated his chances of success are impaired. There is no basis to conclude he lacks the ability to proceed. Indeed, he has filed numerous pro se petitions correctly.

The "everyday pressures of prison" are unquestionably challenging. [ECF 1093 at 2]. Unlike the defendant in *Riddick*, however, Mr. Johnson has access to a law library and conducts legal research daily. Mr. Johnson has insufficiently alleged exceptional circumstances.

### B. Compassionate Release

As noted, Mr. Johnson presents three grounds for compassionate release. First, he asserts he satisfies the U.S.S.G. § 1B1.13(b)(6) criteria inasmuch as (1) he has served at least ten years of an "unusually long sentence," and (2) a non-retroactive legal change creates a significant disparity between his sentence and the one he would receive today. [ECF 1094 at 5–6]. The non-retroactive legal change he cites is the 2024 U.S. Sentencing Guideline amendment prohibiting use of acquitted activity to calculate relevant conduct. [*Id.* at 5]. As noted, however, acquitted conduct played no role in the relevant conduct analysis. Our Court of Appeals recognized as much:

> Johnson asserts, the district court "gave no credit to the jury acquittals," and punished him as if he had been convicted on all counts, thereby violating his Sixth Amendment right to a jury trial and Fifth Amendment right to due process. This argument elides the same key distinction discussed above: the jury acquitted Johnson of the substantive Hobbs Act robbery, § 924(c), and § 922(g) counts, but not of the conspiracy counts. Therefore, the district court's finding that Johnson had conspired to commit the Lipscomb and Franklin robberies — and its calculation of the Guidelines range in accordance with that finding — is not inconsistent with the jury's acquittals on the substantive counts.

*United States v. Johnson*, 820 F. App'x 199, 205–06 (4th Cir. 2020) (internal citations omitted).

Second, Mr. Johnson contends his case presents a "unique constellation of circumstances that, when taken as a whole, merit a reduction in his sentence" pursuant to U.S.S.G. § 1B1.13(b)(5). [ECF 1094 at 8]. Section 1B1.13(b)(5) specifies the procedure for determining whether a court may reduce a term of imprisonment. The pertinent provisions are recited below:

> **(a) In General.**--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

6

> (1)(A) extraordinary and compelling reasons warrant the reduction
>
> . . . .
>
> **(b) Extraordinary and Compelling Reasons**--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> . . . .
>
> **(5) Other Reasons.**--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

Aside from asserting his case presents a "unique constellation of circumstances that, when considered as a whole, merit a reduction in his sentence," Mr. Johnson fails to offer any substantive insights surfacing extraordinary and compelling reasons justifying a sentence reduction. His elderly parents' health issues make visits with him more challenging. His daughter's college attendance presents a similar difficulty. But these difficulties are shared by so many incarcerated individuals that they cannot possibly amount to extraordinary and compelling circumstances. [ECF 1098 at 1].

Finally, Mr. Johnson claims that the § 3553(a) factors "favor reducing" his sentence of 235 months. Mr. Johnson first cites 18 U.S.C. § 3553(a)(2)(A) and contends his sentence gives rise to a disparity inasmuch as it is (1) more than or similar to the "average sentence imposed . . . for murder . . . [and] . . . kidnapping," (2) the "length of his incarceration alone makes him significantly more likely to lead a law-abiding life upon his release," and (3) his "age suggests his chances of recidivism are low." [*Id.* at 10]. He then cites 18 U.S.C. § 3553(a)(6), stating, "The Commission's data clearly shows that Mr. Johnson's twenty-year sentence is dramatically out of step with the average sentence imposed for the same conduct." [*Id.* at 11].

The sentencing Court properly considered the § 3553(a) factors when determining the appropriate sentence for Mr. Johnson. He has a significant and very disturbing criminal history -- including a felony sex offense, felony drug conviction, and two DUIs. [ECF 899 at 37–40]. The otherwise applicable guideline range was 262–327 months. He was sentenced to 235 months. [Id. at 44]. Further, to the extent Mr. Johnson believes the conspiracy conviction was improperly treated, he is misinformed. He participated in the Lipscomb and Franklin robberies where guns were used, and Mr. Franklin was shot. Mr. Johnson is responsible for this foreseeable act in furtherance. "Under the *Pinkerton* doctrine, defendants are vicariously 'liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy.'" *United States v. Gillespie*, 27 F.4th 934, 938 (4th Cir. 2022) (quoting *United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016)).

### IV.

Based upon the foregoing discussion, Mr. Johnson's Motion for Appointment of Counsel **[ECF 1093]** and Motion for Compassionate Release **[ECF 1094]** are **DENIED** without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   March 10, 2025

Frank W. Volk
Chief United States District Judge